REQUESTED BY: Harold Simpson, Chairman, Nebraska Public Service Commission, Lincoln, Nebraska.
1. Does the Nebraska Supreme Court's decision in ATSMobile Telephone, Inc. v. General Communications Co., Inc.,204 Neb. 141, N.W.2d (1979), affect our jurisdiction over any entity other than General Communications Co., Inc.?
2. Does the decision affect our jurisdiction over paging service offered by radio common carriers?
3. Does the decision affect our jurisdiction over paging services offered by land-line telephone companies?
4. Does the decision affect our jurisdiction over two-way mobile radio service of radio common carriers and landline companies?
1. Yes.
2. No.
3. No.
4. No.
The first question you have asked is whether the Nebraska Supreme Court's decision in ATS Mobile Telephone,Inc. v. General Communications Co., Inc., 204 Neb. 141, N.W.2d (1979), affects your jurisdiction over any entity other than the appellant in the above action, General Communications Co., Inc. (GCC).
The answer to this question is two-fold. First, the court's decision would clearly apply to the 45 to 48 licensees mentioned in the opinion which share radio facilities with GCC. Any attempt to exercise jurisdiction over these licensees would be precluded by the decision.
Second, the court's decision plainly affects your jurisdiction over an entity operating under a Federal Communications Commission (FCC) license issued pursuant to Part 91, `Industrial Radio Services,' 47 C.F.R., § 91.1, et seq. (1978). Whether the decision affects your jurisdiction in any other instances than those mentioned above is discussed below.
You next ask whether the court's decision affects your jurisdiction over three separate types of mobile radio services engaged in by particular entities. You have specifically asked whether the court's decision affects your jurisdiction over paging services offered by radio common carriers, licensed as such by the FCC and operating under a certificate of public convenience and necessity issued by the Nebraska Public Service Commission (PSC). Secondly, you ask whether your jurisdiction over paging services offered by land-line telephone companies is affected. Third, you inquire as to your jurisdiction over two-way mobile radio service of radio common carriers and land-line companies. Since, in our opinion, the court's decision only operates to specifically affect your jurisdiction over entities licensed by the FCC pursuant to the aforementioned `Industrial Radio Services,' supra, regulations, these questions will be analyzed together.
In order to fully understand the court's decision inATS Mobile Telephone, Inc. v. General Communications Co.,Inc., supra, (hereinafter referred to as the GCC decision), a review of the facts of the case is necessary. The case was presented to the Supreme Court as an appeal by the appellant, GCC, from an order of the PSC, entered January 16, 1978, directing GCC to cease and desist from operation as a radio common carrier in Nebraska intrastate commerce until such time as GCC had satisfied the requirements of Neb.Rev.Stat. § 75-604 (Reissue 1976), including the obtaining of a certificate of public convenience and necessity.
In 1977, GCC received from the Federal Communications Commission (FCC) a license for Station KWW 288. That license was issued as a `business radio service' license pursuant to Part 91, Industrial Radio Services, of the Code of Federal Regulations. See 47 C.F.R., § 91.1, et seq. (1978). That license permitted the operation of a one-way paging device. The physical operation of the one-way paging device is fully described in the Supreme Court's decision.
GCC constructed an antenna and transmitter and then offered to share the facilities with other licensees for a fee. In order for another individual to share in the facilities, the individual was required to obtain an FCC business radio license.
GCC argued to the court that the regulations and control of the activity conducted by GCC was solely within the authority of the FCC which had precluded the field, thereby precluding the PSC from taking any action against GCC. The court agreed with this argument.
The court began its analysis of the pre-emption issue by discussing the validity of two of its earlier decisions. The two decisions are Radio-Fone, Inc. v. A.T.S. MobileTelephone, Inc., 187 Neb. 637, 193 N.W.2d 442 (1972), andA.T.S. Mobile Telephone v. Curtin Call Communications,Inc., 194 Neb. 404, 232 N.W.2d 248 (1975). Both of these decisions were relied on by the PSC in finding that it had authority over mobile radio telephone communications. In fact, as a result of the Radio-Fone, supra, decision, the PSC promulgated rules and regulations reflecting its authority over mobile telephone communications, including `paging service.' See, Rules of Nebraska Public Service Commission, `Radio Common Carriers,' Chapter VI, sections 1.(K) and 1.(L). These rules provide that all types of paging services are radio common carrier services.
In Radio-Fone, supra, the court held that the PSC had authority over `mobile telephone service.' The court essentially concluded that mobile telephone service is `telephone service' for the purpose of Neb.Rev.Stat. § 75-604 (Reissue 1976), and thus, Radio-Fone's proposed mobile radio telephone services were subject to the PSC regulation.
Subsequently, in Curtin Call, supra, the court again held that the PSC had authority over mobile radio telephone communications as radio common carrier service. In that case, ATS filed a complaint with the PSC charging that Curtin Call was offering mobile radio telephone paging service without a certificate of public convenience and necessity. The sole issue on appeal to the Nebraska Supreme Court was whether the PSC had jurisdiction over the subject matter of the complaint and the defendant. In resolving this issue, the court had to determine whether the FCC had preempted the area in question. The court first asked whether Congress, in enacting the Communications Act of 1934, Title 47 U.S.C.A. §§ 151 to 609, intended to occupy the area of mobile radio telephone communications to the exclusion of the states. The court said no, citing47 U.S.C.A. § 221(b). The court found that § 221(b) specifically covered mobile radio telephone exchange service, exactly the type of service at issue in the case.
The court additionally determined that there was no need for national uniformity in the area of mobile radio telephone services. Finally, the court found that there was no actual conflict between the state and federal regulations. It reasoned that a federal license issued by the FCC neither guarantees an applicant receiving a license from the PSC nor guarantees an applicant being denied a license by the PSC. Thus there was no actual conflict between the two sets of regulations.
The court in GCC found that certain conclusions made in those decisions were wrong. In particular, the Supreme Court found that their earlier interpretation of Title47 U.S.C.A. § 221(b) in the Curtin Call opinion was wrong in that `. . . [t]he term `telephone exchange service' is a statutory term of art and means service within a discreet local exchange system. . . .' Id. at 144.
The court further stated that § 221(b) is not concerned with the paging devices involved in this case or the CurtinCall, supra, case nor are one-way paging devices, as licensed by the FCC, mobile radio telephone service over which the FCC has agreed to permit the states to exercise some jurisdiction.
Since the issue of pre-emption in the instant matter was not answered by the court's previous decisions, the court deemed it appropriate to analyze the pre-emption question raised by the facts of this case. An understanding of the court's analysis of the pre-emption issue is especially important in advising the PSC as to its current jurisdiction in this area. In entering its order of January 16, 1978, the PSC found that the GCC was engaged in business as a radio common carrier and therefore was subject to the jurisdiction of the PSC. The court found that an examination of the particular federal regulations under which the licenses were issued would not permit the conclusion that the PSC had jurisdiction over GCC as a radio common carrier. This finding was based on the fact that the license granted to GCC was issued under the `Industrial Radio Services,' supra,
regulations of the FCC.
The court found that there was a direct conflict between these FCC rules and the PSC rules. The business radio license granted to GCC by the FCC prohibited GCC from being a common carrier while the PSC regulations declared that such a licensee must be a common carrier. An additional conflict concerned whether or not GCC was actually operating on a shared and cooperative basis as required by federal regulations. Since such conflicts existed, the PSC rules were held to give way to the FCC rules.
The court additionally cited another reason why federal pre-emption must apply; that reason being that the paging devices involved in this case are so interrelated to interstate commerce as to fall within the exclusive jurisdiction of the FCC.
In conclusion, the court stated:
 "To the extent that our previous holdings in the Radio-Fone case and the Curtin Call case are inconsistent with our decision herein, they are overruled. Particularly they are overruled to the extent they granted to the PSC jurisdiction over one-way pagers authorized and licensed by the FCC under `Industrial Radio Service.' Whether GCC and the other licensees can continue operation as they were doing at the time of the hearing or must change either because they are in fact in violation of their licenses or because of new regulations adopted by the FCC and now in effect is not decided by this appeal. That is for the FCC to determine. We simply hold that the PSC does not have authority over GCC and the other licensees of the shared system insofar as they are operating one-way paging devices." (Emphasis added.) Id. at 150-151.
For reasons more specifically set forth below, we do not believe that the court's decision in GCC specifically affects your jurisdiction over the three situations described in your opinion request. In our opinion, the decision only restricts the exercise of jurisdiction by the PSC over one-way pagers authorized and licensed by the FCC under regulations entitled `Industrial Radio Services,' 47 C.F.R. § 91.1, et seq. (1978).
An analysis of the court's decision reveals that it was primarily based on the fact that there was an irreconcilable conflict between FCC and PSC rules. Pursuant to the applicable federal regulations, the holder of a business radio license is prohibited from being a common carrier. The assertion of jurisdiction by the PSC was based on its finding that GCC was, in fact, a common carrier.
As the court found, the conflicts between the federal and state rules were readily apparent and thus, the PSC rules must defer to the FCC rules. The important point is that the conflicts arose because of the particular requirements of the FCC `Industrial Radio Services,' supra, regulations.
The court additionally found that paging devices are so interrelated to interstate commerce as to fall within the FCC exclusive jurisdiction absent its agreement to the contrary. The court further stated that it could find no delegation of authority to the states in the `Industrial Radio Services,' supra, regulations as is the case in certain aspects of regulations entitled Domestic Public Land Mobile Radio Services, 47 C.F.R. § 21.500 (1978). Citing Sherdonv. Dann, 193 Neb. 768, 229 N.W.2d 531 (1975), the court noted that under Title 3 of the FCA, the FCC is given exclusive jurisdiction to license radio facilities. The `Industrial Radio Services,' supra, regulations were promulgated by the FCC pursuant to the authority granted it by Title 3 of the FCA. Thus, the decision was additionally based on the fact that the `Industrial Radio Services,' supra, regulations did not delegate any authority to the states. This is not true as to all FCC regulations.
The portion of the court's decision referring to interstate commerce is somewhat confusing. If the court was referring to all types of paging devices, not solely those licensed under the industrial radio regulations, then all paging devices could be removed from the PSC's jurisdiction. However, as we stated above, we believe this decision was limited to paging devices licensed under the FCC `Industrial Radio Services,' supra, regulations. Nevertheless, it is definitely arguable that this portion of the decision restricts the PSC from exercising jurisdiction over all paging devices.
The court additionally overruled the Radio-Fone,supra, and Curtin Call, supra, decisions to the extent that they are inconsistent with the GCC opinion. In particular, the court overruled those decisions to the extent that they purported to grant to the PSC jurisdiction over one-way pagers authorized and licensed by the FCC under the `Industrial Radio Services,' supra, regulations.
In addition, the court reversed its earlier analysis and interpretation of 47 U.S.C.A. § 221(b). The court concluded that § 221(b) was not concerned with the paging devices at issue in this case or in the Curtin Call, supra,
case. However, the court did not specifically overrule the other portions of the decisions. The license granted by the FCC in the Curtin Call, supra, decision was not issued pursuant to the `Industrial Radio Services,' supra, regulations. It was issued under the `common carrier' provisions of the FCC regulations. The regulatory conflict present in the GCC decision was not present in the CurtinCall, supra, decision.
In conclusion, in our opinion, the GCC, supra, decision does not specifically preclude the PSC from exercising jurisdiction over the situations described in your opinion request. We interpret this decision to hold only that the PSC does not have jurisdiction over one-way pagers authorized and licensed by the FCC under rules governing `Industrial Radio Services,' supra. We do not believe that an extensive analysis of other FCC regulations under the broad principles of the decision is necessary at this time because of the narrow holding of the court. However, if you have further questions with regard to specific factual situations, please advise.